In the Matter of the Claim of PAULINE W. FANCHER, Respondent, v. VILLAGE OF CANASTOTA et al., Respondents, and VILLAGE OF MCCONNELLSVILLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The Village of McConnellsville and its carrier appeal from an award of compensation made to a widow of a volunteer fireman of the nearby Village of Canastota on the ground that no "call to furnish assistance" was given within the terms of the Volunteer Firemen's Benefit Law (§ 30, subd. 6). This section provides that "a call to furnish assistance" may be made "by any person aware of the peril involved and the need for assistance". It provides further that the "call" need not orginate in the municipal corporation, district or area ultimately liable for benefits under this section, and "may be relayed through one or more persons or mediums of communication". It would be difficult to conceive of a statute with less formality in its requirements. All that seems necessary is that there be a "peril" and that "need" for assistance be communicated by someone to the other district. The statute here, as the Workmen's Compensation Board has found, seems to have been literally met and fully complied with in its spirit and purpose. A child had been lost in the woods near McConnellsville. This was communicated to a member of the Canastota Fire Department who was on his way to his home, and he entered the woods to help search for the child. When he left the woods that night he heard a loudspeaker request that 50 volunteer firemen return the next morning to continue the search. The next morning he communicated this to his assistant chief, and by a chain of further communication the fire chief sounded the Canastota alarm and its fire department proceeded to McConnellsville where the McConnellsville Chief requested the Canastota Fire Chief to help in the search, which they did. In the course of this the claimant's husband suffered a heart attack, the accidental nature of which is not in dispute. This was a "call for assistance" within the statute and communicated as the statute requires. The award was properly made against McConnellsville and its carrier. Decision and award unanimously affirmed, with costs to the Village of Canastota and its carrier. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

 In the Matter of the Claim of LINDA ABRAHAMS, Respondent, v. ACME OFFSET & PRINTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent, who worked on a blueprint machine, was found near the machine by a fellow employee sitting "slouched on the chair", holding his head. There was "a little red blotch" on his head near the temple and decedent said to the fellow worker: "Banged my head". To make a blueprint it was necessary to reach down under the frame of the machine and the fellow employee testified that in doing the work "I banged my head quite a few times". There is medical proof associating the death due to subarachnoid hemorrhage with a head blow. In the opinion of a physician, a blow on the head either directly caused the death "or was a contributory factor". Although a fellow employee testified he had given decedent an order to make a blueprint just before the incident, the actual process and the accident were unobserved. The presumption attaching to an unwitnessed accident is strengthened here by the fact the decedent was observed with a red spot on his head and sitting holding his head after having performed a function in which striking the head was experienced from time to time by another worker while performing the same process. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.